**Donald D. duBoulay**                       **305 Broadway, Suite 602**
  Attorney at Law                                     New York, NY 10007

Telephone: (212) 966-3970
Fax:           (212) 941-7108
E-mail:     dondubesq@aol.com

                                                                                 January 14, 2019

The Honorable Carol Bagley Amon
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Scott Brettschneider, et al**</u>**, 18-CR-123 (CBA)**

Dear Judge Amon:

       I write on behalf of Reginald Shabazz-Muhammad in anticipation of his sentencing hearing scheduled for January 25, 2018.

       As of the sentencing date, Mr. Shabazz-Muhammad will be sixty-three years old. He has been consistently employed, predominantly as a youth gang and drug counselor, a certified alcohol and substance abuse counselor, or a paralegal, since 1998. Mr. Shabazz-Muhammad is a father of three, lives with his wife of 21 years in Queens and other than this case has had no criminal contact since 1994. Most importantly, he has taken full responsibility for the false letter he wrote to the Bureau of Prisons.

       This acceptance culminated in Mr. Shabazz-Muhammad's guilty plea to making a false statement "within the jurisdiction of the executive . . ." pursuant to 18 U.S.C. § 1001(a)(2), which carries a maximum term of imprisonment of 5 years as well as a potential for a maximum term of probation of 5 years. We ask that the Court sentence Mr. Shabazz-Muhammad to a probationary sentence.

       This sentence would be consistent with the Guidelines, which based on an offense level of 4 and criminal history category of I, propose an imprisonment range of 0 to 6 months.

       **I.**     **Law**

       The guidelines range is one of many factors a district court is to consider when imposing sentence. *See United States v. Booker*, 543 U.S. 220 (2005). "Under 18 U.S.C. § 3553(a) the court is instructed to consider the traditional sentencing factors of retribution, deterrence, incapacitation, and rehabilitation, as well as the 'nature of the offense,' and the 'characteristics of the defendant.'" *United States v. Rivera*, 281 F. Supp. 3d 269, 287 (E.D.N.Y. 2017). The overarching command of Section 3553(a) is the parsimony principal: that sentences should be

"sufficient, but not greater than necessary" to achieve the basic goals of retribution, deterrence, and rehabilitation. *United States v. Ramirez*, No. 17-CR-00676, 2018 WL 922200, at *3 (E.D.N.Y. Feb. 16, 2018) ("In view of the widespread incarceration rates and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is to be prized.").

## II. Mr. Shabazz-Muhammad's Background Supports the Requested Sentence

Mr. Shabazz-Muhammad's dedication to his family, persistence in overcoming adversity, consistent work history, and age, ensure that he will continue to be a positive and productive member of society. *See* Travis and Bruce Western, *The Growth of Incarceration in the United States: Exploring Causes and Consequences* (2014), at 155 ("Because recidivism rates decline markedly with age, lengthy prison sentences, unless they specifically target very high-rate or extremely dangerous offenders, are an inefficient approach to preventing crime by incapacitation.").

Mr. Shabazz-Muhammad was born in Manhattan, New York on January 23, 1956. As a youth he became addicted to heroin and as a result frequently came into contact with the criminal justice system. In 1994, however, Mr. Shabazz-Muhammad voluntarily completed a 28-day inpatient detox followed by a year of outpatient drug treatment, ended his drug addiction and began to turn his life around.

In 1997 he married his wife, who is employed as a licensed nurse, and together they had three children, each of whom currently work in Queens and reside in Rochdale Village, the same neighborhood as Mr. Shabazz-Muhammad. As confirmed by pre-trial services, his children are "aware of his current conviction and remain supportive." PSR at 49. In fact, Mr. Shabazz-Muhammad and his wife babysit their grandchildren every Monday and Saturday.

Since 1997 Mr. Shabazz-Muhammad has been employed primarily as a certified alcohol and substance abuse counselor, including at: Argus Community Inc., Daytop Village Inc., Palladia Inc., and Samaritan Village. From approximately 2008 to 2013 Mr. Shabazz-Muhammad was the director of operations at Samaritan Village. In 2014, shortly before his criminal conduct here, he began working as a paralegal for Scott Brettschneider.

Because of this conviction Mr. Shabazz-Muhammad lost his paralegal job and will not be able to practice as a licensed social worker in the state of New York. As a result, he is currently self-employed as a legal assistant and works contract jobs as he can find them.

## III. The Nature of the Offense and Mr. Shabazz-Muhammad's Role Support the Requested Sentence

Importantly, Scott Brettschneider, Charles Gallman, and Richard Marshall together concocted the plan to submit a false drug treatment letter to the Borough of Prisons with the hope of receiving a reduced sentence for Mr. Marshall. The original source of the letter was not Mr. Shabazz-Muhammad, but some unknown party from Virginia. PSR 7. Mr. Shabazz-Muhammad was eventually tasked by his employer Mr. Brettschneider to complete the letter, which he willingly did, but when subsequently asked to provide fraudulent progress reports in

support of Mr. Marshall's application for the treatment program, he refused to go any further. PSR  9.

Mr. Shabazz-Muhammad has consistently accepted responsibility and admitted to the misleading nature of his actions and pled guilty on October 2, 2018 to making false statements in the letter he authored to the Bureau of Prisons.

### IV.   Conclusion

For the reasons stated above we ask that you sentence Mr. Shabazz-Muhammad to a probationary term.

Respectfully Submitted,
/s/
Donald D. duBoulay
Abraham Rubert-Schewel